An order may be drawn accordingly.

CENTRAL SAVINGS ASSOCIATION, a corporation, Plaintiff,

v.

Gilbert C. HOOKS, District Director of Internal Revenue, Defendant.
Civ. No. 8186.

United States District Court
N. D. Ohio, W. D.
Sept. 29, 1960.

Oren E. Dickason, Lima, Ohio, for plaintiff.

Howard A. Heffron, Acting Asst. Atty. Gen., James P. Garland, Rufus E. Stetson, Jr., Robert H. Kapp, Attys., Dept. of Justice, Washington, D. C., Russell E. Ake, U. S. Atty., Cleveland, Ohio, Carl F. LaRue, Asst. U. S. Atty., Toledo, Ohio, for defendant.

KLOEB, District Judge.

The facts in this case have been stipulated. The question presented is whether the plaintiff taxpayer a State Savings and Loan Association, is entitled to deduct mandatory additions to its loss reserves, under Section 593, Internal Revenue Code of 1954, 26 U.S.C.A. § 593, or, to be more explicit, can the taxpayer make annual additions to its Federal insurance reserve account and to its State reserve account as required by the rules and regulations of the Federal Deposit Insurance Corporation and by the General Code and the Revised Code of the State of Ohio, and have these additions, to the extent that they are mandatory, qualify as a deduction in the preparation of the annual income tax return of the taxpayer, notwithstanding the fact that the existing reserves, undivided profits and surplus accounts of the taxpayer at the beginning of the year are equal to or in excess of 12 percentum of the withdrawable accounts of the taxpayer at the end of the year?

The action is for the recovery of income taxes paid for the years 1952, 1953 and 1954, in the amount of $31,483.86, with interest.

Plaintiff, in its complaint, alleges that, for the calendar year 1952, it filed its corporate income tax return which reflected a bad debt deduction from gross income of $18,356.36, which plaintiff claimed as an addition to its reserve for losses account; that it arrived at the addition to its reserve for losses account after considering the mandatory requirements of the laws of Ohio and of the rules and regulations of the Federal Deposit Insurance Corporation; that, for the year 1953, its corporate return reflected a·

bad debt deduction from gross income of $19,951.97; that, for the calendar year 1954, its return reflected a bad debt deduction from gross income of $22,237.55.

The statutes involved are Section 23 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23, Section 593 (additions to reserve for bad debts), Section 9671 Ohio General Code and Section 1151.50 Revised Code of Ohio, Treasury Regulations on Income Tax, 1954 Code, Section 1.166–4 (a)(b)(d) and Section 1.593–2, and Section 163.13 of the Regulations of the Federal Home Loan Bank Board.

It is undisputed that, during the years in question, the taxpayer's surplus, undivided profits and reserves at the beginning of each calendar year exceeded 12 percentum of the withdrawable accounts at the close of each year.

There is no showing on the part of the taxpayer of a loss experience warranting the deductions claimed.

We believe that, in the decision of this case, we should be governed by the following cases: Kansas City Southern Ry. Co. et al. v. Commissioner of Internal Revenue, 8 Cir., 1931, 52 F.2d 372, certiorari denied 284 U.S. 676, 52 S.Ct. 131, 76 L.Ed. 572; Old Colony R. R. Co. v. Commissioner of Internal Revenue, 1932, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484; Bellefontaine Federal Savings and Loan Association v. Commissioner, 33 T.C., No. 91, decided February 5, 1960.

It is the position of taxpayer that the rules and regulations of the Federal Deposit Insurance Corporation and the statutes of the State of Ohio constitute special legislation which entitles plaintiff to a construction which will establish these rules and regulations and statutes as an exception or a qualification to the Internal Revenue statute, which plaintiff considers a general statute.

This question appears to have been considered indirectly in the Senate debate preceding the enactment of H.R. 4473, found in 97 Congressional Record, Part 9, page 11,840, et seq. It seemed to be the theory of the proponents of the bill that the provisions of the bill, when enacted

into law, would and should take precedence, for income tax purposes, over the reserve fixed by various State laws, and that this was necessary lest the revenue system of the Federal Government be placed in the hands of and under the control of each of the several States.

We conclude that the taxpayer is not entitled to a deduction for the additions made to its loss reserve.

Defendant may prepare and lodge with the Court Findings of Fact and Conclusions of Law drawn in accordance with this Memorandum Opinion within 20 days.

Within 10 days thereafter, plaintiff may file its exceptions or suggested additions with the Court.

An order may be drawn accordingly.